UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| BILLY RAY MARCUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 07-269-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Billy Ray Marcum ("Marcum") filed this action in the Clay Circuit Court on July 6, 2007, for the purpose of asserting a claim for underinsured motorist coverage under a policy of insurance issued by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). On August 3, 2007, the case was removed to this Court pursuant to 28 U.S.C. § 1441(b). According to State Farm, jurisdiction is appropriate because it believes Marcum's claims *may* exceed $75,000.00, exclusive of interest and costs. [*See* Record No. 1; Notice of Removal, ¶ 6.][1] Marcum responded to removal by moving the Court to remand the case to state

---

[1]   While the Court will remand this matter based on State Farm's failure to meet its burden with respect to the amount in controversy, it should also be noted that State Farm has failed to establish complete diversity of citizenship of the parties. Both Marcum's Complaint and State Farm's Notice of Removal assert that Marcum is a "resident" of Manchester. However, more is required under 28 U.S.C. § 1332: the party seeking to establish jurisdiction must allege diversity of *citizenship*. Although related in some respects, *residency* and *citizenship* are distinct legal concepts. Further, the pleadings do not contain information concerning State Farm's principal place of business. Under § 1332, a corporation's citizenship is determined by its state of incorporation *and* its principal place of business.

-1-

court. In support of this motion, he claims that State Farm has not met its burden of establishing that the amount in controversy exceeds the jurisdictional minimum. In addition, Marcum requests attorney fees in the amount of $525.00.

Because the Court concludes that State Farm has not met its burden, and because it appears that State Farm has not made a reasonable argument in support of removal, the Court will grant both of the Plaintiff's motions.

## I.   BACKGROUND

Marcum asserts that he was involved in an automobile accident with Christopher Henson on September 19, 2005, in Clay County, Kentucky. Henson was covered by an insurance policy issued by Nationwide Insurance Company ("Nationwide"), while Marcum was covered by a State Farm policy. As a result of the injuries suffered in the accident, Marcum incurred medical expenses of $29,388.63[2] which were apparently covered by the personal injury protection benefits of the State Farm policy. On May 14, 2007, Nationwide offered the limits of its coverage ($25,000.00) to settle the claims against its insured, Christopher Henson.

In addition to basic reparations benefits, Marcum's policy with State Farm includes underinsured coverage of $50,000.00 per person and $100,000 per accident. [Record No. 4; Exhibit 6] On February 24, 2006, an attorney representing Marcum wrote to State Farm to request a certified copy of the declarations sheet for all policies in effect on the date of the accident. [*Id.*; Exhibit 1] State Farm responded on March 1, 2006, with respect to the vehicle

---

[2]   The chart attached to State Farm's response to the motion to remand [Record No.6; Exhibit 2] indicates dates of service of September 20, 2005, through December 28, 2005.

involved in Marcum's accident with Henson. However, Marcum's attorneys continued to request information concerning all policies covering the Plaintiff's vehicles.[3]

Marcum filed suit against State Farm on July 6, 2007. In paragraph 4, Marcum claims that, as a result of Henson's negligence, he should be compensated for past and future pain and suffering, past and future medical expenses, loss of the enjoyment of life, and the increased likelihood of future complications and inconvenience. [Record No. 1; attached Complaint] He then makes the following allegations and claims:

> 5.    At the time of the aforementioned collision, Christopher Henson was insured by Nationwide Insurance Company. Nationwide Insurance Company offered its per person policy limits of $25,000 to settle the plaintiff's claim against its insured. . . . Counsel for the plaintiff notified the defendant of the proposed settlement by letter dated May 15, 2007. . . . The defendant acknowledged receipt of the aforementioned letter on May 18, 2007. . . .
>
> 6.    At the time of the aforementioned collision, the plaintiff was covered by policy number 2198-121-17H issued by the defendant. The aforementioned policy included underinsured motorist coverage. As a result of the negligence of Christopher Henson, the plaintiff has suffered injuries and damages that exceed the available insurance coverage for Christopher Scottie Henson.
>
> 7.    The plaintiff is entitled to recover from the defendant to the extend that he has not been compensated for his injuries by the basic and added reparations benefits previously paid by the defendant and the liability limits received from Nationwide Mutual Insurance Company.
>
> 8.    The plaintiff is entitled to recover from the defendant an amount that exceeds the minimum jurisdictional limits of this Court.[4]

---

[3] Marcum asserts that Nationwide offered its policy limits ($25,000.00) to settle the claims against Henson on May 14, 2007. He further claims that State Farm was given notice of the proposed settlement pursuant to KRS 304.39-320 on May 15, 2007.

[4] Pursuant to KRS 24A.120, district courts in the Commonwealth have jurisdiction over civil cases in which the amount in controversy does not exceed $4,000.00, exclusive of interest and costs. Circuit courts have jurisdiction over civil matters exceeding this sum. KRS 23A.010.

*[Id.]*

Based on the unambiguous language of his Complaint, it is clear that Marcum is asserting a contract claim for underinsured benefits of up to $50,000.00. He has not made a claim of bad faith on the part of State Farm. Likewise, he has not asserted a claim against State Farm under the Kentucky Unfair Claim Settlement Act, KRS 304.12-230. [*See* Record No. 1, attachment.] Therefore, the amount in controversy is limited by the amount which might be recovered under the applicable policy of insurance.

## II.   LEGAL ANALYSIS

### A.   State Farm Has Not Met Its Burden of Establishing That The Amount In Controversy Exceeds $75,000.00, Exclusive of Interest and Costs.

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332(a). It is well-established that the federal courts are courts of limited jurisdiction. Thus, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967). As such, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979).[5]

---

[5]   State Farm attempts to shift this burden to Marcum. For example, at page 2 of its response, State Farm asserts that "at no point does Mr. Marcum contend that his claim is worth less than Seventy-five thousand dollars ($75,000.00)!" [Record No. 6]

In determining the appropriateness of remand, a court must consider whether federal jurisdiction existed at the time the removing party filed the notice of removal. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Consequently, events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).

In *Saint Paul Mercury*, the Court refused to remand an action, properly removed in light of the original complaint, when the plaintiff filed an amended complaint which reduced the amount initially claimed to an amount below the amount in controversy requirement. In denying the motion to remand, the Court stated that "[i]f the plaintiff could, no matter how bona fide his original claim in state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id.* at 294. However, in *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F. Supp. 1305, 1308 (E.D. Ky. 1990), this Court reached a different result based on the facts presented.

In *Cole*, the defendant removed the action to federal court based on the plaintiff's complaint which, in accordance with the Kentucky Rules of Civil Procedure[6], contained only a bare statement of the claims and minimal jurisdiction allegations and contained unspecified damages for "outrageous conduct, defamation, severe emotional and physical pain, and loss of enjoyment of life," as well as punitive damages and costs. The plaintiff then filed a motion to remand with a stipulation that the damages would not exceed the jurisdictional minimum.

---

[6] Rule 8.01(2) of the Kentucky Rules of Civil Procedure prevents a plaintiff from pleading unliquidated damages with any degree of specificity.

Relying on the *Saint Paul Mercury* principle that events occurring after removal which reduce the amount in controversy do not defeat the court's jurisdiction, the defendant responded that the stipulation was too late.

The *Cole* court, however, distinguished *Saint Paul Mercury* stating that, unlike *Saint Paul Mercury*, Cole's subsequent stipulation did not modify the amount in controversy. Instead, it provided the actual amount for the first time.[7] The Court further stated that due to the nature of the plaintiff's complaint, it provided virtually no substance relating to the extent of the plaintiff's injury. Therefore, although the defendant's removal decision may have been in good faith, it could not have been based on anything more than speculation. *Cole*, 728 F. Supp. at 1309-10.

Where a plaintiff's complaint contains minimal information regarding the damages the Plaintiff is seeking, the Court must require that the party having the burden of establishing jurisdiction present some proof that the claim is likely to result in an award in an amount necessary to establish that the total claim exceeds $75,000.00 Here, it appears that the Defendant removed this action without filing interrogatories with respect to the specific amount of damages

---

[7] In *Gafford v. General Electric Comp.*, 997 F.2d 150 (6th Cir. 1993), the Court held that the burden is on the party seeking removal to show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy requirement. *Id.* at 158; *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). To satisfy this burden, this circuit requires defendants who are faced with an indeterminate state court complaint to make an independent inquiry as to the extent of the plaintiff's damages prior to filing the notice of removal. *Cole*, 728 F. Supp. at 1309 *citing Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S.D. Ala. 1986) (removing defendant bears the burden of establishing jurisdiction even when faced with indeterminate complaint); *see also Kaneshiro v. North Am. Co. for Life and Health Ins.*, 496 F. Supp. 452, 462 (D. Hawaii 1980) (Where the initial pleading is indeterminate "the defendant is put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove.") Further, Rule 8.01 of the Kentucky Rules of Civil Procedure provides that, "when a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories . . . ." Ky. R. Civ. P. 8.01.

claimed by the Plaintiff or without otherwise investigating the specific monetary amount sought to be recovered through the litigaton.

Due to the foregoing discussion and lack of evidence presented regarding this issue, the Court finds that the State Farm has not satisfied its burden of establishing by a preponderance of the evidence that, at the time of removal, the amount in controversy exceeded $75,000.00. While State Farm asserts that Marcum's *claim* for damages resulting from automobile accident would have to exceed $105,000.00 before he could recover the limits of the underinsured motorist coverage under the policy in issue, it is clear that Marcum's *claim* against State Farm (*i.e.*, the amount in controversy in this litigation) is limited by the upper limit of the policy – $50,000.00. And as Marcum concedes in paragraph 7 of his Complaint, he only seeks to recover from State Farm "to the extent he has not been compensated for his injuries" by amounts previously paid by State Farm and Nationwide. For purposes of determining the amount in controversy in this action, the amounts previously paid are not contested and do not constitute a part of Marcum's claim.

> **B.     Under the Circumstances Presented, An Award of Attorney Fees Is Appropriate.**

Marcum also seeks an award of $525.00, representing the attorney fees incurred in preparing his motion to remand. 28 U.S.C. § 1447 (c). As he correctly points out, district courts have discretion to award attorney fees under this statutory section. Further, a finding of bad faith, improper purpose, or vexatious or wanton conduct is not required before such fees may be awarded. *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). State Farm does not take issue with the authority cited by Marcum. Instead, it reasserts that Marcum's claim

exceeds $75,000.00 and, as a result, it is not necessary to reach the issue of fees or costs.

Having found that State Farm's position on the merits is not well-taken, the Court must determine whether attorney fees should be awarded. Normally, this Court is reluctant to grant attorney fees in connection with matters that are remanded to state courts unless it is apparent that removal was clearly improvident. Under the facts of this case, the Court believes this standard has been satisfied. From a plain reading of the Complaint, it is clear that the amount in controversy is capped at the policy limits of $50,000.00. While Marcum may ultimately contend that his damages exceed $100,000.00 or more as State Farm alleges, he may not seek to recover that sum under the policy of insurance here in issue. And for the reasons outlined about, State Farm has not shown that it had an objectively reasonable basis for removal to this Court.

The Court has also examined the amount of attorney fees sought ($525) and finds that the hourly rate ($150 per hour) and the number of hours expended (not less than three and one-half hours) is reasonable in light of the prevailing local rates and the work product produced by counsel. Accordingly, the amount requested will be awarded.

### III.    CONCLUSION

The Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In addition, the Court finds that attorney fees should be awarded under 28 U.S.C. § 1447 (c) and the amount sought by the Plaintiff is reasonable. Accordingly, it is hereby **ORDERED** as follows:

1. The Plaintiff's motion to remand and motion for an award of attorney fees [Record

No. 4] is **GRANTED**.

      2.      The Plaintiff is awarded $525.00 in attorney fees pursuant to 28 U.S.C. § 1447 (c).

      3.      This matter is **REMANDED** to the Clay Circuit Court for further proceedings.

This 22nd day of August, 2007.

Signed By:
*Danny C. Reeves* DCR
United States District Judge